OPINION
Plaintiffs-appellants Dr. William Nucklos and Shirley Nucklos appeal from the March 9, 2001, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellants Dr. William Nucklos and Shirley Nucklos own a commercial building that was built in 1977 and is located at 907 Mahoning Road N.E. in Canton, Ohio. The building, which is in an area zoned for small business, has been vacant for more than ten years. Appellants acquired ownership of the same in 1993.
Pursuant to a letter dated June 15, 2000, Diane Rogers, the Code Enforcement Supervisor for the City of Canton Building Department, advised appellants that the subject property "must be brought up to minimum housing standards and regulation as set forth by the City of Canton, or demolition procedures will be taken" in accordance with Canton City Codified Ordinances Section 1301 and 1355. The letter, which was sent via regular and certified mail, further informed appellants that appellants' property would be demolished 30 days from receipt of the letter unless the property was brought up to code. A "Legal Notice of Demolition Order" issued on the same date stated, in part, as follows:
 The above named and/or referred to individuals, known and unknown, will all take notice and they are hereby notified that due to the vacant and severely deteriorated condition of the premises and residential building located at 907 Mahoning Road N.E. in the City of Canton, Stark County, Ohio, and the existence of numerous building code violations upon said premises, in which you may have an interest as owner, land contract vendee, lienholder or otherwise, the Building Inspector of the City of Canton, has determined that said premises constitute a public nuisance reasonably requiring its abatement by the demolition and clearing of such property. Copies of the Building Department Inspection Reports concerning this property are available for review at the Building Department, 424 Market Avenue North 3rd Floor, Canton, Ohio 44702-1544 . . .
. . .
 You are further notified that the Building Inspector, having determined that the above described property is a public nuisance, has further ordered that such property either be brought up to minimum City of Canton Housing Code Requirements or voluntarily demolished by the persons having the ownership and control of such property within 30 days of the last date of this publication notice, or such premises will be demolished and cleared by the City of Canton immediately after the expiration of such 30 day period. This action is being taken in accordance with Chapters 1301 and 1355 of the Canton City Building Code and also Sections 715.26 and 715.261 of the Ohio Revised Code.
 In accordance with Sections 715.26 and 715.261 of the Ohio Revised Code, you are requested to advise this office if you desire to enter into an agreement with the City of Canton under which you would perform the removal or repair of the insecure, unsafe and defective building in question. Unless you do so, the building will be demolished by the City 30 days after completion of publication of this notice.
After appellants objected to the order of demolition, a hearing before the Board of Building Appeals was held on August 10, 2000. At the hearing, Diane Rogers testified that the appellants' building has been vacant for years, that there are drug problems in the area, and that the building has not been properly maintained. According to Rogers, who testified that all the systems in the building need to be replaced, the estimated cost of repairs to the building is $600,000.00. In addition, William McGeorge, the Director of Community Development and Economic Development and Planning for the City of Canton, appeared at the August 10, 2000, hearing and testified regarding on-going attempts to resurrect the residential character of the neighborhood in which appellants' building is located. McGeorge testified that two year old $100,000.00 homes in the immediate area were all affected by appellants' building "in terms of its blighting influence and in terms of the nuisance activities that go on there." See Transcript of August 10, 2000 hearing. McGeorge also presented a letter at the hearing from Gary Duvall, a licensed architect who inspected the subject property on April 21, 2000. Duvall, in his letter, indicated that appellants' building has "substantial roof leaking which is causing structural damage" and that "if left in this state for a period of time it [appellants' building] will pose a serious health and safety risk to the neighborhood." The Board of Building Appeals, following the hearing, voted to uphold the order of demolition.
Thereafter, appellants filed an appeal of the Board's August 10, 2000, decision with the Stark County Court of Common Pleas. On September 28, 2000, appellants filed a Motion to Reverse the Board or for a Trial "De Novo". Appellants, on November 3, 2000, filed their "Amended Memorandum in Support of Motion". After appellee filed an opposing brief on November 17, 2000, appellants filed a reply on November 28, 2000. The trial court, after granting appellants' motion for a trial "de novo", held an evidentiary hearing on January 12, 2001. Pursuant to a Judgment Entry filed on March 9, 2001, the trial court affirmed the decision of the Board of Building Appeals "[b]ased in part on the length of the vacancy of the building, being a minimum of ten years, the negative impact on surrounding area and the inability to secure the premises against unlawful occupants, . . ."
It is from the trial court's March 9, 2001, Judgment Entry that appellants prosecute their appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE "LEGAL NOTICE OF DEMOLITION ORDER" AND LETTER NOTICE TO APPELLANTS OF THE DETERMINATION OF THE CITY'S BUILDING INSPECTOR TO REQUIRE DEMOLITION OF THEIR BUILDING ARE INSUFFICIENT TO COMMENCE SUCH DEMOLITION PROCEEDINGS UNDER THE CITY'S ORDINANCES.
 ASSIGNMENT OF ERROR II THE PROCEDURE FOLLOWED BY THE CITY IN THESE PROCEEDINGS VIOLATES IS [SIC] OWN ORDINANCES.
 ASSIGNMENT OF ERROR III THE ORDINANCES CITED TO THE TRIAL COURT WHICH THE CITY CLAIMS ARE VIOLATED BY THE APPELLANTS' BUILDING ARE NOT APPLICABLE TO COMMERCIAL BUILDINGS.
 ASSIGNMENT OF ERROR IV THE DECISION OF THE BOARD OF BUILDING APPEALS IS ARBITRARY AND CAPRICIOUS AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR V THE DECISION OF THE COURT OF COMMON PLEAS AFFIRMING THE DECISION OF THE BOARD OF BUILDING APPEALS IS UNSUPPORTED BY ANY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellants, in their first assignment of error, argue that the June 15, 2000, letter to appellants and the June 15, 2000, "Legal Notice of Demolition" are insufficient to commence demolition proceedings against appellants' building under the City of Canton's Codified Ordinances. We agree.
Under Ohio law, where a building fails to comply with the building code requirements and is in a dangerous and unsafe condition, it can be razed by municipal officials when properly authorized by ordinance. However, where the building can be repaired and the danger to the public is not so imminent that it requires immediate razing of the building, the owner must be given a reasonable time in which to repair the building, if he so desires. See Abraham v. City of Warren (1940), 67 Ohio App. 492, andFifth Urban, Inc. v. Bd. of Bldg. Standards (1974), 40 Ohio App.2d 389,399. See also McMaster v. Housing Appeals Board of the City of Akron,Ohio (Nov. 26, 1997), Summit App. No. 18226, unreported.
Section 1301.12 of the Codified Ordinances of Canton states, in relevant part, as follows:
1301.12 NOTICE OF UNSAFE BUILDING
 (a) Upon receipt of information that a building or structure is unsafe, the Building Inspector shall make or cause to be made an inspection. If it is found that an unsafe condition exists, he shall serve or cause to be served on the owner, or some one of the owner, executors, administrators, agents, lessees or other persons who may have a vested or contingent interest in the same, a written notice containing the address and a description of the building or structure deemed unsafe, a statement of the particulars in which the building or structure is unsafe, and an order requiring, within a stated time, the same to be made safe and secure or removed, as may be deemed necessary by him.
(Emphasis added). Pursuant to this section, appellees were required to provide appellants with a "statement of the particulars in which the building or structure is unsafe".
As is stated above, via a letter dated June 15, 2000, Diane Rogers of the City of Canton's Building Department advised appellants that unless the subject property was "brought up to minimum housing standards and regulation as set forth by the City of Canton," demolition procedures would be taken. In addition, the "Legal Notice of Demolition Order" issued on June 15, 2000, states, in relevant part, as follows:
 The above named and/or referred to individuals, known and unknown, will all take notice and they are hereby notified that due to the vacant and severely deteriorated condition of the premises and residential building located at 907 Mahoning Road N.E. in the City of Canton, Stark County, Ohio, and the existence of numerous building code violations upon said premises, in which you may have an interest as owner, land contract vendee, lienholder or otherwise, the Building Inspector of the City of Canton, has determined that said premises constitute a public nuisance reasonably requiring its abatement by the demolition and clearing of such property. Copies of the Building Department Inspection Reports concerning this property are available for review at the Building Department, 424 Market Avenue North 3rd Floor, Canton, Ohio 44702-1544 . . .
. . .
 You are further notified that the Building Inspector, having determined that the above-described property is a public nuisance, has further ordered that such property either be brought up to minimum City of Canton Housing Code Requirements or voluntarily demolished by the persons having the ownership and control of such property within 30 days of the last date of this publication notice, or such premises will be demolished and cleared by the City of Canton immediately after the expiration of such 30 day period. This action is being taken in accordance with Chapters 1301 and 1355 of the Canton City Building Code and also Sections 715.26 and 715.261 of the Ohio Revised Code.
 In accordance with Sections 715.26 and 715.261 of the Ohio Revised Code, you are requested to advise this office if you desire to enter into an agreement with the City of Canton under which you would perform the removal or repair of the insecure, unsafe and defective building in question. Unless you do so, the building will be demolished by the City 30 days after completion of publication of this notice.
Clearly, neither the letter nor the legal notice provide appellants with a "statement of the particulars in which the building or structure is unsafe". While appellants were advised that their building failed to comply with minimum housing standards, they were never informed exactly what repairs needed to be performed to bring the building up to code. Without such a statement of the "particulars", appellants were, in essence, deprived of a reasonable time in which to repair the building. As noted by appellants in their brief, "[t]he ordinance requires that the owner be given an opportunity to make the building "safe and secure" to avoid demolition, yet the right to repair to the city's satisfaction is nugatory without notice of its complaints." While appellee, in its brief, contends that appellants would have known of the "particulars" had they attended the January 12, 2001, de novo hearing in the Court of Common Pleas, by such point in time, appellants' time to repair the subject property under the City of Canton Codified Ordinances clearly had expired.
Appellants' first assignment of error is, therefore, sustained.
 II, III, IV V
Based on this Court's disposition with respect appellants' first assignment of error, the remaining assignments of error are rendered moot.
Accordingly, the judgment of the Stark County Court of Common Pleas is reversed. The August 10, 2000, decision of the City of Canton Board of Building Appeals is vacated.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. Costs to appellees.
Hon. Julie Edwards, P.J. Hon. William Hoffman, J. Hon. John Boggins, J. concur.